# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

_Stanley Boclair_

)
)
)
)

**Plaintiff/Petitioner(s)**

v.

_Jacqueline Lashbrook, Jeffrey Hutchison, John R. Baldwin & loyd Hanna, Jane/John Does_

)
)
)
)
)

**Defendant/Respondent(s)**

Case Number: _18- 2084-NJR_

(Clerk's Office will provide)

☒ **CIVIL RIGHTS COMPLAINT**
pursuant to 42 U.S.C. §1983 (State Prisoner)

☐ **CIVIL RIGHTS COMPLAINT**
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ **CIVIL COMPLAINT**
pursuant to the Federal Tort Claims Act,
28 U.S.C. §§1346, 2671-2680, or other law

I.   **JURISDICTION**

SCANNED AT MENARD and E-mailed
_11-16-18_ by _PS_ _37_ pages
date   initials   No.

**Plaintiff:** _Stanley Boclair_

A.   Plaintiff's mailing address, register number, and present place of confinement.

_Menard Corr. Center_
_Pux 1LCC_
_Menard, Ill. 62259_

**Defendant #1:**

B.   Defendant _Jacqueline Lashbrook_ is employed as
        (a)        (Name of First Defendant)

_(Current) Warden_
        (b)        (Position/Title)

with _Menard Correctional Center Ill Kiskaskia Street_
        (c)        (Employer's Name and Address)

_Menard Ill. 62254_

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☒ Yes ☐ No

If your answer is YES, briefly explain: _Defendant Lashbrook was employed by the Ill. dept. of Corr. and subsequently became warden at Menard_

(Rev. 7/2010)                                                1

**Defendant #2:**

C.    Defendant: _Jeffrey Hutchison_ is employed as

(Name of Second Defendant)

(FORMER) WORDEN

(Position/Title)

with _Illinois Dept. of Corrections, 1301 Concordia_

(Employer's Name and Address)

_Court, Springfield, Il. 62794_

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☒ Yes    ☐ No

If you answer is YES, briefly explain: He was the Chief
Administrative Officer Responsible for all Employees,
Staff and Inmates

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

Defendant: John R. Baldwin
Title: acting Director _ Ill. Dept. of Corrections
       1301 Concordia Court   Springfield Il. 62794.
Defendant was employed by State   Government.
Defendant Baldwin is Responsible for all Illinois prisons
and the Health and Safety of those Employees and Inmates.

E. Defendant: Lloyd Hanna
   Title: Dietary Manager
          Menard Ccorr. Center, 711 Kaskaskia Street, Menard, Il. 62259
   Defendant is employed by State government at Menard corr. center.
   Defendant is Responsible for the Selection preparation
          and allotting of all Inmate Food as well as Management
          and Maintenance of Food Service needs.

Additional Defendant(s):

F.   Jane / John Doe
    CMT / Nurse _ December 11, 2016 North _ 2 _ 7 to 3 _ Shift
    CMT / Nurse _ December 12, 2016 North _ 2 _ 7 to 3 _ Shift
    CMT / Nurse _ December 13, 2016 North _ 2 _ 7 to 3 _ Shift
    CMT / Nurse _ December 14, 2016 North _ 2 _ 7 to 3 _ Shift
    CMT / Nurse _ December 15, 2016 North _ 2 _ 7 to 3 _ Shift

Defendant was employed at Menard Corr. Center (Wexford Health Resources Inc.) 711 Kaskaskia Street, Menard, IL. 62259

Defendants were Responsible, on the prescribed dates, for processing and scheduling North _ 2 inmate sick-call request

Nots See Exhibit _ A

    I Jointer will forthwith forward to the Court the full names of Jane / John Doe CMT / Nurse Defendants when in possession thereof.

G.   Jane / John Doe
    Northern Region Deputy Director
    Northern Region Asst. Deputy Director
    Southern Region Deputy Director
    Southern Region Asst. Deputy Director

Defendants were employed at the Illinois Department of Corrections 1301 Concordia Court Springfield, IL. 62794.

Defendants held oversight Responsibilities and / or approved or disapproved Transfers from or to Stateville in the Northern Region and Menard in the Southern Region of Illinois

H.   Transfer Coordinator / Illinois Department of Corrections
    Defendant was employed by the Illinois Dept. of Corrections 1301

Additional Defendant(s):

Concordia Court I Springfield Il. 62794
Defendant was responsible for evaluating transfer request of institutions and inmates as well as making recommendations.

Plaintiff will forthwith forward to the Court the full names of Jane / John Doe Directors and Transfer Coordinator as soon as in possession thereof.

4

**II.    PREVIOUS LAWSUITS**

A.   Have you begun any other lawsuits in state or federal court relating to
     your imprisonment?                                    ☒ Yes    ☐ No

B.   If your answer to "A" is YES, describe each lawsuit in the space below.  If
     there is more than one lawsuit, you must describe the additional lawsuits
     on another sheet of paper using the same outline.  <u>Failure to comply with
     this provision may result in summary denial of your complaint.</u>

1.   Parties to previous lawsuits:
     Plaintiff(s): _ Stanley Boclair

     Defendant(s): Thomas Page, Donald Snyder, Nancy Tucker,
     Dona Lueald, Michael Atchison, M.S.V Scott

2.   Court (if federal court, name of the district; if state court, name of
     the county): Southern District of Illinois

3.   Docket number: 99 _ 22 . 3

4.   Name of Judge to whom case was assigned: D. Patrick Murphy

5.   Type of case (for example: Was it a habeas corpus or civil rights
     action?): Civil

6.   Disposition of case (for example: Was the case dismissed?  Was it
     appealed?  Is it still pending?): Dismissed

7.   Approximate date of filing lawsuit: April 5, 1999

8.   Approximate date of disposition: August 16, 1994

II.   C. Previous Lawsuits

1. Parties to previous lawsuits:
   Plaintiff: Stanley Bcclair
   Defendants: Roger Walker, Jr., Donald Hulick, Tina Beardon-Munroe, Bradley
            Sadler, Kim Butler, Tom Mawe, Darrell Westerman, Don Leifer

2. Court: Southern District of Illinois
3. Docket number: 10-978-MJR
4. Name of Judge: Michael J. Reagan / now Steele Stephen C. Williams
5. Type of case: Civil
6. Disposition of case: Judgement Defendant / Trial
7. Approximate date of filing lawsuit: December 3, 2010
8. Approximate date of disposition: October 8, 2013

1. Parties to previous lawsuits:
   Plaintiff: Stanley Bcclair
   Defendants: Michael P. Randle, Amy D. Pierce, Candace C. Taylor, Marcus Hardy,
            Janetta Butler-Winters, Ralph Burkybile, Nikkita Holmes, Gerard
            Vilvarez, Ada Johnson, Karen Marie Rabideau, Caluckaisai Streeter-
            Thomas
2. Court: Northern District of Illinois, Eastern Division
3. Docket number: 11-C-5217
4. Name of Judge: John J. Tharp Jr. / Magistrate Michael T. Mason
5. Type of case: Civil
6. Disposition of case: Settlement
7. Approximate date of filing lawsuit: August 1, 2011
8. Approximate date of disposition: August 16, 2013

1. Parties to previous lawsuits:
   Plaintiff: Stanley Bcclair
   Defendants: Salvador Godinez, Michael Lemke, Terri Anderson, Marcus Hardy,
            Ada Johnson, Karen Marie Rabideau, Donald Williams, Kenneth
            Nasharoff, Turus Lazard, John Sievers, Brandon Franco, Michael
            Bowlin, Lester Hawk, Antionette Florence, Cervontes, Montes,
            Buchael Vegaso, Michael Magana.
2. Court: Northern District of Illinois, Eastern Division
3. Docket number: 13-cv-8630
4. Name of Judge: John J. Tharp, Jr.
5. Type of case: Civil
6. Disposition of case: Settlement
7. Approximate date of filing lawsuit: December 4, 2013
8. Approximate date of disposition: December 1, 2017

II.   Previous Lawsuits:

1. Parties to previous lawsuits:

   Plaintiff: Stanley Boclair

   Defendants: John Baldwin, Tarau Williams, Nicholas Lamb, Victor Calloway, Bernard, Conon, Riasby

2. Court: Northern District of Illinois, Eastern Division

3. Docket number: 17-cv-1422

4. Name of Judge: John J. Thorp, Jr.

5. Type of case: Civil

6. Disposition of case: Dismissed/one strike/7th Cir. App number 17-3291 a

7. Approximate date of filing lawsuit: February 23, 2017

8. Approximate date of disposition: unknown

1. Parties to previous lawsuits:

   Plaintiff: Stanley Boclair

   Defendants: John Baldwin, Tarau Williams

2. Court: Northern District of Illinois, Eastern Division

3. Docket number: 17-cv-2998

4. Name of Judge: John J. Thorp, Jr.

5. Type of case: Civil

6. Disposition of case: Dismissed/ one strike

7. Approximate date of filing lawsuit: April 26, 2017

8. Approximate date of disposition: June 19, 2017

1. Parties to previous lawsuits:

   Plaintiff: Stanley Boclair

   Defendant: Jacqueline Lashbrook

2. Court: Southern District of Illinois

3. Docket number: 3:18-cv-00583-NJR-DGW

4. Name of Judge: Nancy J. Rosenstengel; magistrate Judge Donald G. Wilkerson

5. Type of case: Civil

6. Disposition of case: Pending

7. Approximate date of filing lawsuit: March 19, 2018

8. Approximate date of disposition: unknown

1. Parties to previous lawsuits:

   Plaintiff: Stanley Boclair, John Baldwin, John Does (orange (crush team)

   Defendants: Jacqueline Lashbrook, John Baldwin, John Does (orange (crush team)

2. Court: Southern District of Illinois

3. Docket number: 3:18-cv-01188-SMY-RJD

4. Name of Judge: Staci M. Yandle; Magistrate Judge Reona J. Daly

5. Type of case: Civil

6. Disposition of case: Pending

7. Approximate date of filing lawsuit: July 1, 2018

8. Approximate date of disposition: unknown

III.    **GRIEVANCE PROCEDURE**

A.    Is there a prisoner grievance procedure in the institution? ☒ Yes     ☐ No

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?                    ☒ Yes     ☐ No

C.    If your answer is YES,
   1.    What steps did you take?
   On December 15, 2016, I submitted three (3) Emergency Grievances; exhibit A / Doc Mueller w/ letter of intent. exhibit B and C / Warden Hutchison w/ letter of intent

   2.    What was the result?
   The Emergency Nature of all grievances were denied. See, exhibits - A, B and C. Submitted in Normal Manner to Counselor (exhibits A and C) Grievances Off., Warden (exhibits - B and C) and Adm. Review Board, Director (exhibit - D).

D.    If your answer is NO, explain why not.


E.    If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?                    ☒ Yes    ☐ No

F.    If your answer is YES,
   1.    What steps did you take?



   2.    What was the result?



G.    If your answer is NO, explain why not.


H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not.

## IV.   STATEMENT OF CLAIM

A.   State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated.  Do not include legal arguments of citations.  If you wish to present legal arguments or citations, file a separate memorandum of law.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1. Upon information and belief on November 7, 2016, Acting Director, defendants Baldwin (as yet unknown these / John Doe), Northern Region Deputy Director, Northern Region Asst. Deputy Director, Southern Region Deputy Director, Southern Region Asst. Deputy Director and the Illinois Department of Corrections Transfer Coordinator caused Plaintiff retaliatory transfer from ... Dixville (unable adequate primary and alternate law library access dual days during a week) to Menard (random access maybe once a month, no speaking of the law to inmates other than runners with no essence, skill in law under disciplinary threat, who question Plaintiff to assist them in the law) because Plaintiff is a pro se litigator with grievances and complaints against high-ranking prison officials and staff, and was facilitating the filing of legal papers on behalf of other inmates for official misadministration.    See, exhibits... A1, A and C.

2. Previously Plaintiff counselor assessed ^HIM for a transfer, (see, exhibit E) telling Plaintiff authorities denied her ability had

---

in complaint requiring separate filing Plaintiff attest to the continued retaliation for pro se litigation directly by Menard library staff... previous lawsuits listed in this current complaint attest to genesis of November 7, 2016 transfer, exhibit E is limited in

Plaintiff "properly placed" in Stateville twenty-six days before the Menard Transfer. Two days later on October 13, 2016, Plaintiff, after being told of the transfer denial made supplemental filings against numerous high-ranking prison officials and staff (Baclaw v. Godinez, 13-c-8630, N.D., Judge John J. Thorp) precipitating the retaliatory transfer on November 7, 2016. See, exhibit B.

3. Within 32 days of arrival in Menard Plaintiff went to Annex on December 9, 2016, where Defendants Baldwin, Jane / John Doe, Southern region deputy director, Southern region asst. deputy director, Hutchison, Lashbrook and Hanna, had individual first-hand knowledge the retaliatory transfer would culminate with Plaintiff being fed in remote section of the prison, isolated from general population in a gymnasium where Plaintiff tray of food would sit waiting for Plaintiff while animals, insects and air-born bacteria congregated from adjacent open urinals and filthy feces-stained toilet bowls swarming the food and Plaintiff when Plaintiff fled to the table to eat the portion of food he could with one hand while swatting away insects with the other. See, exhibits A1, B and C.

4. Upon information and belief (all defendants in paragraph # 3) had first-hand individual knowledge carcasses of vermin from the surrounding wooded area were found in the gym.

5. Defendants Hanna, Baldwin, Jane / John Doe Southern region deputy

_____

This scope and integral to a soon to be filed complaint.

Director, Southern Region Asst. Deputy Director, Hettinger and Eastbrick had individual knowledge the only Sink was in the Bathroom, while all the food was handled directly below a huge decades old exhaust fan/heater and pipes with dust balls and liquid floating down and seeping from the wall. See A1, B and C. exhibits.

6. Upon information and belief (all defendants in paragraph # 5) had individual first-hand knowledge Plaintiff was compelled to eat all meals on the environment of the Gymnasium After Commandeering the drawing room, in which Plaintiff would otherwise have eaten, and where inmates had eaten for decades, to give to Staff and employees. See exhibits A1, B and C.

7. Within an hour of Dec. 9th Dinner Plaintiff became hot in perspiration, nausea, violent vomiting and extreme diarrhea. See exhibits A1, B and C.

8. On Dec. 11, 2016, between 3 am and 4 am Plaintiff submitted a Sick call request to procure medical treatment which Defendant (Jane/John Doe North-2 CMT/Nurse 7 To 3 Shift) refused to facilitate in there deliberate indifference to Plaintiff emergency medical needs. See exhibits A1, B and C.

9. Plaintiff submitted a Sick call request on December 12, 2016, to procure medical treatment for violent vomiting, nausea and extreme diarrhea, Spraying brown loose fecal matter from the anus and disgorging the contents of his Stomach out Plaintiff mouth 3 to 4 times a day which Defendant (Jane/John Doe North-2 CMT/Nurse 7 To 3 Shift) refused to facilitate in deliberate indifference to Plaintiff emergency medical needs. See exhibits A1, B and C.

10. Defendant (Jane/John Doe North 2  7 to 3 Shift) (CMT/NURSE) was deliberately indifferent to Plaintiff Emergency Medical Needs on December 13, 2016, refusing to facilitate Medical Treatment when Plaintiff submitted a Sick call request complaining of violent vomitting, nausea and extreme diarrhea 3 to 4 times a day. See, exhibits A1, B and C.

11. Defendant (Jane/John Doe North 2 CMT/NURSE  7 to 3 Shift) was deliberately indifferent to Plaintiff Emergency Medical Needs on December 14, 2016, refusing to facilitate Medical Treatment when Plaintiff submitted a Sick call request complaining of often painful violent vomitting, nausea and extreme diarrhea 3 to 4 times a day, spraying brown loose fecal matter from the anus and disgorging the contents of the stomach. See, exhibits A1, B and C.

12. Defendant (Jane/John Doe North 2 CMT/NURSE 7 to 3 Shift) was deliberately indifferent to Plaintiff Emergency Medical Needs on December 15, 2016, refusing to facilitate Medical Treatment when Plaintiff submitted a Sick call request complaining of often painful violent vomitting, nausea and extreme diarrhea 3 to 4 times a day. See, exhibits A1, B and C.

13. After Plaintiff was stricken ill from eating the December 9, 2016, dinner Plaintiff did not return to the gymnasium nor the prison prepared meals. Fourteen (14) days after Plaintiff illness Defendants responded to Plaintiff Sick call request. See, exhibits A1 and C1.

## V.   REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

1. *Plaintiff request punitive and compensatory damages in the amount of separately against each Defendant*

2. *Declaration that Defendants violated Plaintiff rights under the Illinois and United States Constitutions*

3. *That Defendants cease from engaging in further conduct to an injunction from the court*

## VI.   JURY DEMAND *(check one box below)*

The plaintiff ☒ does  ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: November 9, 2018
_____
(date)

Box 1000
_____
Street Address

Menard Ill. 62259
_____
City, State, Zip

Stanley Burton
_____
Signature of Plaintiff

Stanley Burton
_____
Printed Name

A60151
_____
Prisoner Register Number

_____
Signature of Attorney (if any)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**

Return of Grievance or Correspondence

*Exhibit A 2*

*N2-3-17*

Offender: __BOCLAIR__ __STANLEY__ __ __ __A60451__
Last Name         First Name         MI         ID #

Facility: __MENARD__

☒ Grievance: Facility Grievance # (if applicable) __NOT PROVIDED__ Dated: __12/15/16__ or ☐ Correspondence: Dated: _____

Received: __12/22/16__ Regarding: __CONDITIONS, MEDICAL, TRANSFER__
      Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional Information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
                                                              Office of Inmate Issues
                                                               1301 Concordia Court
                                                               Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
                                319 E. Madison St., Suite A
                                Springfield, IL   62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____.
                                                       Date

☐ No justification provided for additional consideration.

---

Other (specify): __OFFENDER TO FOLLOW DR 504-F. TRANSFERS ARE AN ADMINISTRATIVE__
__DECISION__

Completed by: __Ann Lahr__                     __4/6/17__
             Print Name                                       Signature                  Date

Distribution:   Offender
                 Inmate Issues                                   *Printed on Recycled Paper*                              DOC 0070 (Rev.4/2013)

FROM — Bec Lair A. Goast
To — acting Director John Baldwin/ Warden Jeffrey Hutchison
Subject — This letter is appendage to three (3) December 15, 2016 grievances
Date — December 15, 2016

Exhibit - A1

RECEIVED

DEC 22 2016

ADMINISTRATIVE
REVIEW BOARD

Letter of intent

Dear Gentlemen,

Because I am the inmate I believe your first reaction in regards to these matters (because you have all the resources of a modern American state at your disposal) will be to dismiss my grievances and suggested resolution out of hand. But without the principles and ideas embedded in the U.S. Constitution you would very well serve my meals out of an actual toilet bowl for expediency, instead of that crude inhumane, unsanitary and unlawful configuration you have so far managed to get away with, which made me violently ill for several days while I was adamantly denied medical treatment. So that you would commandeer the dinning-room constructed originally for inmates and give to staff and employees, along with food which expense was legislated for adequately standard nutrient meals to prisoners (as myself) and substitute in its place the most coarse, uneven diet (compared to the IDOC's main menu) the law would allow. Nowhere in the history of the American-workforce has the company supplemented the meals or its employees outside of contractual agreements, in this instance to my detriment as an inmate in the IDOC. This takes place as the Publication review officer and warden Hutchisons office, or proxy, deny me true adult magazines (as obscene and facilitating criminal activity, etc.) which is your right regarding subjectivity and

pg. 1

CC
file

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

Exhibit — A

| Date: December 15 2016 | Offender: (Please Print) Bocluir | ID#: A-60451 |

| Present Facility: Menard | Facility where grievance issue occurred: Stateville / Menard |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation
☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify) Retaliation in transfer

☐ Disciplinary Report: _____ _____
           Date of Report        Facility where issued

RECEIVED

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

DEC 2016
ADMINISTRATIVE
REVIEW BOARD

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the
     Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved):  ON November 7, 2016, Wardens Randy Pfister, Jeffrey Hutchison; UNKNOWN Jane / John Does IDOC Transfer Coordinators and acting Director John Baldwin and Counselor Cynthia Harris transferred me to Menard C.C. from Stateville C.C. in retaliation for my October 13, 2016, supplemental filing in the Northern District claim of Bocluir v. Godinez 13-c-8630, where I've been denied boots in arctic / winter conditions and offered cotten, rubber sole gym shoes; one ten year old sheet as thin as toilet paper; where my food and a dinning — room in which to eat are taken to be given instead to staff and employees causing violent vomitting extreme diarrhea and nausea from December 9th — December 16, 2016, (spewing)

Relief Requested: juridical — This is a legal document protected by the first and fourteenth amendments to the U.S. Constitution against destroying / stopping its processing under 20 Ill. adm. code section 504. chain of custody is also documented / established

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Sta Van Bocluir      A-60451    12 / 15 / 16
Offender's Signature                 ID#         Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: _____ / _____ / _____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____
_____
_____
_____
_____

| _____ | _____ | _____ |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature? | ☐ Yes: expedite emergency grievance ☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____      _____ / _____ / _____
Chief Administrative Officer's Signature           Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

brown loose fecal matter from my anus and disgorging the contents of my stomach out the mouth 3 to 4 times a day) and denied Medical treatment because all my meals outside the cell are served in a gymnasium where directly below aunt boiler room pipes, huge exhaust fan/heater over 40 years old, a makeshift food apparatus (various sink water or food ourned near a open restroom area with open urinals and filthy toilet bowls) where my food sits out exposed to air born particles and viruses and bacteria by insects making me sick. Most recent before the Oct 13, 2016, supplemental filing the IDOC's Transfer Coordinator denied a transfer to Menard, stating (I was properly placed in Stateville) and now use as a ruse the c.losing of F-House (though not all single-cell status or F-House inmates were transferred to Menard to attack me for the October 13, 2016, Supplement and punishment me outside the jurisdiction even further by these acts above. Also included in these retaliatory acts are as yet unknown Northern/Southern region deputy/asst. deputy director.



NOTE __

My letter of intent is attached as an appendage to this grievance.

Exhibit - A1

discretion. Let you seem not to discern the dichotomy in the moral stewardship you claim. You refuse to be moral _and_ legal on both accounts. For this reason (and because, I believe my transfer to Menard was in retaliation by high-ranking prison officials for an October 13, 2016 Supplemental claim; Warden Hutchison offering thin cotton, rubber flat sole, gum shoes in winter/arctic conditions instead of making boots available; the inability/refusal to contain the retaliatory acts of c/o Spiller and other staff because of former hostile encounters and a Section 1983 claim against there relatives and colleagues, many still employed in Menard) — I intend a juridical response. If you take my books because its morally right, then do morally and legally right by my feeding, clothing and well being with medical treatment and freedom from retaliation.

Respectfully Submitted,

RECEIVED

DEC 22 2016

ADMINISTRATIVE
REVIEW BOARD

cc.
    File

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Exhibit A N2-3-17

| | | |
|---|---|---|
| Date: December 25 2016 | Offender: (Please Print) Boclair | ID#: A-60951 |
| Present Facility: Menard | Facility where grievance issue occurred: Stateville / Menard | |

72-3-17

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ____/____/____
      Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA  retaliation in
- [x] Other (specify) transfer

Facility where issued

**Note:**   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):**

On November 7 2016, Wardens Randy Pfister, Jeffrey Hutchinson; unknown June / John Does IDOC Transfer Coordinators and Acting Director John Baldwin and Counselor Cynthia Harris transferred me to Menard C.C. from Stateville C.C. in retaliation for my October 13, 2016, Supplemental Filing in the Northern District claim of Boclair v. Godinez, 13-c-8630, where I've been denied boots in rain/winter conditions and offered cotton, rubber sole gum shoes; one ten year old sheet as thin as toilet paper; where my food and drinking water in which to eat are taken to be given instead to staff and employees causing violent vomiting, extreme diarrhea and nausea from December 9th — December 15, 2016, (spanning

**Relief Requested:** Judicial — This is a legal document protected by the First and Fourteenth Amendments to the U.S. Constitution against destroying/stealing its processing under 20 Ill. adm. code section 504. Chain of custody is also established/accumented.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Stclim Boclair            A-60951      12/15/16
Offender's Signature                      ID#              Date

(Continue on reverse side if necessary)

RECEIVED
MAR 16 2017

| | | |
|---|---|---|
| **Counselor's Response (if applicable)** | | |
| Date Received: 1 / 5 / 17 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: Contacted clothing and items available were exchanged. Clothing house has limited inventory. When available boots are exchanged or passed out.

HSII                              2-12-17
Print Counselor's Name       Counselor's Signature    Date of Response

| | | |
|---|---|---|
| **EMERGENCY REVIEW** | | RECEIVED  E 80 |
| Date Received: 1 / 3 / 17 | Is this determined to be of an emergency nature? | DEC 22 2016 [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Alex Hanna                              1/3/17
Chief Administrative Officer's Signature              Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Exhibit _ B

brown loose fecal matter from my anus and dragging the contents of my stomach
out the mouth 3 to 4 times a day) and denied medical treatment, because all my
meals outside the cell are served in a gymnasium where directly below are a
boiler_room pipes, huge exhaust fan/heater over 40 years old, a makeshift
food apparatus (without sink, water or food warmer) near a open restroom area with
open urinals and filthy toilet bowls) where my food sits out exposed to air-born
particles and viruses and bacteria carried by insects making me sick. Most recent
before the October 13, 2016, supplemental filing the IDOC's transfer coordinator
denied a transfer to Menard, stating (I was properly placed in Stateville) and now
use as a ruse the closing of F cellhouse (though not all single cell status
or F. house inmates were transferred to Menard) to attack me per the October
13, 2016 supplement and punish me outside the jurisdiction even further by
those acts above. Also included in these retaliatory acts are as yet unknown
Northern/Southern region deputy/asst. deputy Directors.

Note

My letter of intent is attached as an appendage to this grievance.

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

N&-3-17

| Grievance Officer's Report |
|---|

Date Received: March 16, 2017     Date of Review: March 16, 2017     Grievance #(optional): 72-3-17

Offender: Sinclair     ID#: A60451

Nature of Grievance: Dietary and Health Care

*Exhibit  A1*

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 12-15-16 and grieves 11-7-16 he was transferred to Menard in retaliation for an October 2016 Northern District claim (being denied boots); grieves food and dining conditions causing medical issues from 12-9-16 thru 12-15-16 and was denied medical attention. Issues caused by being served in a gymnasium .

Relief requested: None

Offender references an attachment. Nothing attached. The HCU memo is provided by Grievance Office and is a reply to a similar grievance issue.

Counselor replied 2-22-17.

Offender is advised in accordance with DR504F, grievance issues are to be submitted within 60 days. October issues are past time frame.

Transfers are an administrative decision.

The Health Care Unit Administrator was contacted and advised there is no medical documentation to support food poisoning. The medical file documents a note on 12-22-16 that offender was sick 12-9-16 and took 6-7 days to bet better. Diagnosed as resolved gastritis/diarrhea.

Grievance Office contacted the Dietary Manager and was advised North Two Dining Room is approved by the Agency Safety and Sanitation Coordinator and Dietary Department meets IDPH Guidelines, hand cleaning water is provided and routine facility inspections are conducted to ensure compliance.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be DENIED. Transfers are an administrative decision. Dietary is in compliance with IDPH guidelines.

Lori Oakley
Print Grievance Officer's Name     Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: March 23, 2017     ☑ I concur   ☐ I do not concur   ☐ Remand
Comments:

Chief Administrative Officer's Signature     3/23/17
Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Stanley Sinclair     A60451     3.27.17
Offender's Signature     ID#     Date

CC.
File

EXHIBIT C
N2-3-17

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: December 15, 2016 | Offender: (Please Print) Bucluir | ID#: A-60451 |
|---|---|---|

| Present Facility: Menard | Facility where grievance issue occurred: Menard |
|---|---|

**NATURE OF GRIEVANCE:**

73-3-17

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report _____ / _____ / _____
  Date of Report

- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator

- ☐ Restoration of Good Time
- ☐ Medical Treatment

- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☑ Other (specify) GRAND INMATE FOOD AND DINNING ROOM

Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

After eating the December 9 2016 dinner tintion an hour I become nauseated with violent vomiting and extreme diarrhea, as my condition became worse through the following days and nights (spewing brown loose fecal matter from my anus and dragoning all the contents of my stomach out my mouth 3 to 4 times a day). On Dec. 11th, I submitted my first written sick call slip. On Dec. 12th and 13th I gave sick call notes to the health care professional who gave me my prescribed medications and verbally explained my sickness on both those mornings. When given my prescribed medication on the night of Dec. 14th the health care professional

**Relief Requested:** Juridical - This is a legal document protected by the First and Fourteenth Amendments to the U.S. Constitution against destroying/stopping its processing under 20 Ill. ada. code section 504. Chain of custody is also documented/established.

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Stanley Bucluir | A-60451 | 12/15/16 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

RECEIVED

---

**Counselor's Response (if applicable)**

MAR 16 2017

Date Received: 1 / 6 / 17     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** Attached HCU response: You were seen by Dr. Siddiqui on 12-22-16 and treated as he felt necessary. There are no complaints in your file since then. Further problems follow procedure and put in for sick call.

| Jns. Hill | | 2/24/17 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

RECEIVED

DEC 2 9 2016     E8D

Date Received: _____ / _____ / _____     Is this determined to be of an emergency nature?

☐ Yes: expedite emergency grievance
☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| | |
|---|---|
| Chief Administrative Officer's Signature | Date |

NJDS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Exhibit — C

herself took paper from me, writing down my condition saying I would be submitted for care. As of this grievance date all illness has required contact any treatment or diagnosis by Menosde Health care professionals (as yet unknown Jane & Doe were on December 12th, 13th and 14th were notified). All my meals (Dec. 9th included) outside my cell are served to me in a gymnasium, where directly below giant boiler room pipes and a huge exhaust fan/heater over 40 years old Warden Hutchison and Director Baldwin have allowed a make-shift food serving apparatus (No Food stored No Sink, No water and a toilet area with open filthy urinols and toilet bowls only feet away) where when I enter my meals are sitting exposed all manner of air born particles and viruses carried by insects because the entire serving room and food has been given to Staff and employees. Also included in this grievance are as yet unknown John and Jane Doe Health care professionals who were in fact informed by there colleagues (and following the Dec. 11th and final sick call request by me on Dec. 13th) for my illness and failed to schedule medical examination / treatment.

NOTE —

My letter of intent is attached as appendage to this grievance.

N2-3-17

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: March 16, 2017          Date of Review: March 20, 2017          Grievance # (optional): 73-3-17

Offender: Boclair, Stanley                                                    ID#: A60451

Nature of Grievance: Medical Treatment/N2 Dietary

Exhibit - C-1

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 12/15/2016 and grieves that after eating the 12/9/2016 dinner within an hour he became nauseated with violent vomiting and extreme diarrhea and his condition became worse through the following days and nights. He has submitted several sick call requests and has not been seen. He states all his meals outside his cell are served to him in a gymnasium directly below a huge exhaust fan. He states there is a make shift food apparatus with no food guard, no sink, no water and a toilet area with open filthy urinals and toilet bowels only feet away from where his meals are sitting.

**Relief requested:** No relief requested

Counselor responded on 2/24/2017 – Attached HCU response: You were seen by Dr. Siddiqui on 12-22-16 and treated as he felt necessary. There are no complaints in your file since then. Further problems follow procedure and put in for sick call.

Grievance Office reviewed on 3/20/2017 – Contacted the Health Care Unit Administrator and was advised that there is a note in the offender's medical file on 12/22/2016 that states he got sick 12/9/2016 took 6-7 days to get over. Diagnosed as resolved gastritis/diarrhea. No mention of food poisoning.

North Two Dining Room is approved by the Agency Safety and Sanitation Coordinator. The Dietary Department meets IDPH Guidelines, hand cleaning water is provided and routine facility inspections are conducted to ensure compliance.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be MOOT. The offender was seen by HCU. The North 2 dining hall is in compliance with State standards.

Kelly Pierce
Print Grievance Officer's Name                                    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: March 23, 2017          ☑ I concur     ☐ I do not concur     ☐ Remand

Comments:

Chief Administrative Officer's Signature                          3/23/17
                                                                  Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Stanley Boclair                              A60451            3.27.17
Offender's Signature                         ID#               Date

**Bruce Rauner**
Governor



**John Baldwin**
Acting Director

*Exhibit — A*

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: __Boclair, Stanley__         Date: __5/26/17__

Register # __A 60451__

Facility: __Menard__

This is in response to your grievance received on __4/3/17__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted. __73-3-17__

Your issue regarding: Grievance dated: __12/15/16__ (2)  Grievance Number: __72-3-17__  Griev Loc: __Menard__

○ Transfer denied by the Facility or Transfer Coordinator
☒ Dietary _____
○ Personal Property _____
○ Mailroom/Publications _____
○ Assignment (job, cell) _____

○ Commissary _____
○ Trust Fund _____
○ Conditions (cell conditions, cleaning supplies)
○ Disciplinary Report dated _____
    Incident # _____
☒ Other __Medical - Sick from Food__
    __12/9 - 12/15/16__

**Based on a review of all available information, this office has determined your grievance to be:**

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

○ Denied, in accordance with DR504F, this is an administrative decision.

☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: __Allegations were not substantiated__

FOR THE BOARD: _____
    Ann Lahr
    Administrative Review Board

CONCURRED: _____
    John R. Baldwin
    Acting Director

CC: Warden, __Menard__ Correctional Center
    __Boclair, Stanley__, Register No. __A 60451__

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Exhibit — E

**Bruce Rauner**
Governor



**John Baldwin**
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court. P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: STANLEY BOCLAIR                                      10/05/18
                                                                                          Date
ID# : a60451

Facility: MENARD C.C.

This is in response to your grievance received on 9/19/18 _____. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 05/14/18    Grievance Number: 229-5-18    Griev Loc: Menard

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

☑ Other   Library - Offender wants access to adequate law library without retaliation.

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Other: _____

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

FOR THE BOARD: _____        CONCURRED: _____
Debbie Knauer                                                         John R. Baldwin
Administrative Review Board                                    Acting Director  10/10/18

CC: Warden, MENARD C.C. _____ Correctional Center
       STANLEY BOCLAIR _____, ID# a60451

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

RECEIVED
MAY 25 2018

RECEIVED
MAY 16 2018

Exhibit E
No. 3-5-17

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: May 14, 2018 | Offender: (Please Print) Boclair | ID#: A60451 |
|---|---|---|
| Present Facility: Menard | Facility where grievance issue occurred: Menard | |

329-5-18

**NATURE OF GRIEVANCE**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: _____ Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): access to law library by retaliation

Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

RECEIVED
MAY 25 2018
CLINICAL SERVICES

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

During the month of March 2018 I submitted (a) request for law library but allowed to attend 3.19.18 (Mar. 6 was only 6th day of unit lockdown for month of March). On april 9, 2018 staff (Richmond, Stewart Price) wouldn't allow me to attend law library though I submitted (4) request as a pro se litigator in both the Northern and Southern District of Illinois and also serves in preparation of legal documents (jail-house lawyer) to other inmates, while a total of (14) people were present into a 50 seat capacity in retaliation and who Lax expressed acquiescence of Warden Lashbrook for an "accusation" blues inmates and litigating against the (jail), when staff and told I assist

Relief Requested: Access to adequate law library without retaliation ...

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Stanley Boclair                A60451              5, 14, 18
Offender's Signature                ID#                   Date

RECEIVED
JUN 26 2012

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

MENARD CC
GRIEVANCE OFFICE

| Date Received: 5, 29, 18 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: Contacted library - offender has received a library pass for each and every request that the library has received for offender. Law Library is scheduled for 1½ hours and the library services is provided per facility policy and security.

S. Quick TACEI                S. Quick TACEI   6/6/18
Print Counselor's Name                Counselor's Signature   Date of Response

**EMERGENCY REVIEW**

E53

| Date Received: 5, 17, 18 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

J. _____                                5, 17, 18
Chief Administrative Officer's Signature                Date

Distribution: Master File; Offender                Page 1                DOC 0046 (8/2012)

113

controlling inmates in preparation of legal documents thru separate us and threaten IDR's and removal from the library along with delaying and withholding time-sensitive documents to and from the court though 20 Ill. adm. code section 430.30 permits assistance, nor am I allowed to touch case contrary that is (12 inches near me but instead must raise my hand to get it nearly thirteen to 15 minutes later from an inmate runner (with little to no legal knowledge) who request my advise and the legal aid or other non-library workers) leaving 1 merore minutes to research, task, obtain copies or notary within the one-1 hour library period per week. No time or consideration is given for alternate inmates to fill voganize seats regardless of legal urgency.

State Of Illinois
Randolph County

## Affidavit

Exhibit _ F

I Stanley Boclair, do hereby depose that the following statements are made from my personal knowledge, and if called will testify that the following are both true and correct :

On October 11, 2016, Between 9 and 10:30 a.m. in the F House of Stateville Correctional Center, Correctional Counselor Cynthia Harris, Come to my cell (260) and that of inmate. (Williams) next door in cell (261) to specifically discuss institutional transfers, whereas before I learned with Williams as with myself, counselor wouldn't give formal written responses; in my case whether I could transfer to Pinkneyville Correctional Center, a Maximum/Medium Security prison and, it was counselor Harris who brought it up, stating "I cant even transfer you to Menard and that's a max-joint because you are properly placed and I'm not doing paperwork to submit you for a transfer (you still gonna get!") reminding me of the Transfer Coordinator's decision nearly three years earlier. Yet when I made a point of it being nearly three years, counselor Harris said emphatically, it doesn't matter, I looked into it. Her knowledge of this informed me regardless of formality she did evaluation.

Further Affiant sayth not.

Respectfully Submitted,
/s/ Stanley Boclair

Subscribed and Sworn to before
Me on this 23rd day of January
2017.

_Shane V. G_
Notary Public

OFFICIAL SEAL
SHANE W. GREGSON
Notary Public - State of Illinois
My Commission Expires 2/25/2019

Exhibit _ C5

From ____ Doctor / A601S1   N 2   72b
To ____ Anglee Crain / Acting Healthcare Administrator
Subject ____ Processing of Sick call
Date ____ Oct. 28, 2016


Dear Administrator,


This is My Second Request in Oct. and 3rd or 4th overall for the following to Submit to the court:


First (1st) Shift  / RN / Nurse North 2 Reviewing Inmates on Sick call ___

December 11th to 14th, 2016


Note ___

I ___ intend Juridical Recourse if Required . . .


cc.
   File