# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY BOCLAIR, <br> # A60451, <br><br> Plaintiff, <br><br> vs. <br><br> JACQUELINE LASHBROOK, <br> JEFFREY HUTCHISON, <br> JOHN R. BALDWIN, <br> LLOYD HANNA, <br> JANE/JOHN DOE SOUTHERN REGION <br> DEPUTY DIRECTOR AND ASSISTANT <br> DEPUTY DIRECTOR, <br> JANE/JOHN DOE NORTHERN <br> REGION DEPUTY DIRECTOR AND <br> ASSISTANT DEPUTY DIRECTOR, <br> JANE/JOHN DOE NURSE, <br> and IDOC TRANSFER <br> COORDINATOR, <br><br> Defendants. | Case No. 18-cv-2084-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Stanley Boclair, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants retaliated against him for filing grievances by transferring him to Menard . He also asserts that Defendants subjected him to unconstitutional conditions of confinement at Menard and that a Jane/John Doe Nurse was deliberately indifferent to his medical needs.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to

1

filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): On November 7, 2016 Plaintiff was transferred from Stateville Correctional Center ("Stateville") to Menard. (Doc. 1, p. 9). John Baldwin, Northern Region Deputy Director, Northern Region Assistant Deputy Director, Southern Region Deputy Director, Southern Region Assistant Deputy Director, and the IDOC Transfer Coordinator facilitated this transfer in retaliation for Plaintiff filing grievances and complaints against high-ranking prison officials and helping other inmates with their legal papers. (*Id*.). Plaintiff alleges that he was transferred because he would have less access to the law library at Menard than he would at Stateville and because he would face harsher conditions at Menard. (*Id*. at pp. 9-10). He also alleges he was transferred shortly after he submitted a supplement filing against prison officials in his pending case in the Northern District of Illinois, *Boclair v. Godinez*. (*Id*. at p. 10).

While at Menard, Plaintiff was forced to eat all his meals in the gymnasium rather than the dining hall. (Doc. 1, p. 10). In the gymnasium, Plaintiff alleges that the food was exposed to gnats, insects, and vermin. The entire time Plaintiff ate his meals, he had to swat away insects that congregated around his food. (*Id*.). The food was also exposed to other bacteria due to the open urinals and toilets near where the food was served. (*Id*.). Additionally, the food was prepared directly below old pipes with dust and liquid seeping down the wall. (*Id*. at p. 11). Plaintiff alleges that he was required to eat in the gymnasium because the dining hall had been given to staff and

employees for their own use, and that Defendants were aware of the decision to feed inmates in the gymnasium rather than the dining hall. (*Id*.). He also alleges that Defendants Baldwin, Southern Region Deputy Director, Southern Region Assistant Deputy Director, Hutchison, Lashbrook, and Hanna were aware of the conditions in the gymnasium where meals were served. (*Id*. at p. 10).

After eating dinner in the gymnasium on December 9, 2016, Plaintiff developed vomiting and diarrhea. (Doc. 1, p. 11). Although he put in sick call slips every day on December 11, 12, 13, 14, and 15, 2016, the Jane/John Doe nurse in North 2 on the 7 to 3-shift refused to provide Plaintiff with any treatment. (*Id*. at pp. 11-12). Plaintiff was not seen by the healthcare unit until fourteen days after he developed the illness. (*Id*. at p. 12).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **First Amendment retaliation claim against John Baldwin, Northern Region Deputy Director, Northern Region Assistant Deputy Director, Southern Region Deputy Director, Southern Region Assistant Deputy Director, and IDOC Transfer Coordinator for transferring Plaintiff to Menard Correctional Center in retaliation for writing grievances and complaints;**
>
> **Count 2:** **Eighth Amendment unconstitutional conditions of confinement claim against John Baldwin, Southern Region Deputy Director, Southern Region Assistant Deputy Director, Hutchison, Lashbrook, and Hanna for serving meals in the gymnasium where the food was exposed to insects, vermin, and open bathrooms.**
>
> **Count 3:** **Eighth Amendment deliberate indifference to medical needs claim against Jane/John Doe Nurse for failing to provide him with care for his vomiting and diarrhea on December 11, 12, 13, 14, and 15.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

Plaintiff adequately alleges that he engaged in protected conduct of filing grievances and complaints. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). He has also adequately alleged that his conduct was the motivating factor in his transfer to Menard. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted)). Plaintiff alleges that shortly after filing a supplement in another of his civil cases in the Northern District, he was transferred to Menard where he had limited access to the law library and was subjected to unsanitary conditions. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation and internal quotations omitted)("A complaint states a claim for retaliation when it sets forth a chronology of events from which retaliation may plausibly be inferred."). Plaintiff, thus, has stated a claim as to Count 1.

### Count 2

As to Count 2, Plaintiff's complaint adequately alleges that he was served food in the gymnasium in conditions that exposed the food to vermin, insects, and human urine and feces. *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) ("[p]rolonged pest infestation, specifically an infestation involving cockroaches and mice" may support a claim); *Williams v. Berge*, 102 Fed. Appx. 506, 507 (7th Cir. 2004) (right to adequate food but not tasty or appetizing food). Plaintiff fails to adequately allege, however, that Defendants knew of and disregarded a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Plaintiff, instead, merely alleges that

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Defendants had first-hand knowledge of the conditions generally. While he does sate that Defendants knew that inmates were eating in the gymnasium because the prison had commandeered the dining hall for staff use, there are no allegations that Defendants were aware of the specific conditions that Plaintiff was facing while eating in the gymnasium or that Plaintiff made Defendants aware of these conditions. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("A prisoner's statement that he repeatedly alerted" personnel of a condition and they did nothing states a claim.). As such, Plaintiff fails to state a viable conditions of confinement claim as to Count 2.

Because Count 2 is the only count directed against Lashbrook, Hutchison, and Hanna, they shall be dismissed from the Complaint without prejudice. As set forth below, however, Lashbrook will remain on the docket in her official capacity for the purpose of responding to discovery aimed at identifying the unknown defendants.

### Count 3

As to Count 3, Plaintiff properly alleges a deliberate indifference claim against the Jane/John Doe nurse for failing to provide him with treatment for his nausea, vomiting, and diarrhea he developed after eating food in the gymnasium. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). The Court will also allow Plaintiff to proceed on Count 3.

### John Doe Defendants

Jacqueline Lashbrook, as the current warden of Menard, will remain on the docket (in her official capacity only) for the purpose of responding to discovery (informal or formal) aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the names of the unknown defendants are discovered, Plaintiff must file

5

a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** against **JOHN BALDWIN, NORTHERN REGION DEPUTY DIRECTOR, NORTHERN REGION ASSISTANT DEPUTY DIRECTOR, SOUTHERN REGION DEPUTY DIRECTOR, SOUTHERN REGION ASSISTANT DEPUTY DIRECTOR,** and **IDOC TRANSFER COORDINATOR** and **COUNT 3** against **JANE/JOHN DOE NURSE** survive threshold review.

**IT IS ALSO ORDERED** that **COUNT 2** shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that **JEFFREY HUTCHISON, LLOYD HANNA,** and **JACQUELINE LASHBROOK (in her individual capacity)** are **DISMISSED** from the Complaint without prejudice. The Clerk of Court is **DIRECTED** to terminate **JEFFREY HUTCHISON** and **LLOYD HANNA** as Defendants in the Court's Case Management/Electronic Case Filing ("CM/ECF") system. **JACQUELINE LASHBROOK**, however, shall remain on the docket in her official capacity for the purpose of responding to discovery aimed at identifying the unknown defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for **JOHN BALDWIN** and **JACQUELINE LASHBROOK (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the

date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/23/2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**