IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STANLEY BOCLAIR,

           Plaintiff,

v.

JOHN BALDWIN, *et al.*,

           Defendants.

Case No. 18-cv-2084-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Stanley Boclair, an inmate with the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He was allowed to proceed on two counts: a First Amendment retaliation claim (Count 1) and an Eighth Amendment deliberate indifference claim (Count 3). On August 15, 2022, Defendant Brandy Tripp was granted summary judgment on the sole claim against her, the deliberate indifference claim in Count 3 (Doc. 218). The remaining defendants entered into a settlement agreement with Boclair (Doc. 219). On November 17, 2022, the Court entered judgment in the case (Doc. 220).

    This matter is before the Court on Tripp's bill of costs (Doc. 221). She seeks $1,172.60 in costs for transcripts that were obtained for use in the case (Doc. 221-1). Boclair objects to the bill of costs arguing that the Court's judgment ordered the parties to pay their own costs and, in the alternative, that costs should be denied because he is indigent (Doc. 223). Tripp filed a response to the objection (Doc. 224).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted, however, if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Boclair first argues that Tripp should not be awarded costs because the Court ordered each side to pay its own costs and fees in the judgment (Doc. 220). But the judgment only stated that the *remaining parties* who entered into a settlement would bear their own costs and fees (Doc. 220, p. 2). Tripp did not participate in the settlement conference nor were the claims against her settled; instead, judgment was entered in her favor (*See* Docs. 207, 218, 220). Thus, the judgment does not prohibit Tripp from seeking costs under Rule 54(d)(1).

In the alternative, Boclair argues that he is indigent and cannot afford to pay costs. He indicates that he sought to proceed *in forma pauperis* due to his inability to pay the cost of the filing fee and that he has -$63.97 in his prison trust fund account (Doc. 2). But the Court notes that the prison trust fund account statement was from 2018, and the statement demonstrated that Boclair's account fluctuated. At one point, he had $4,500.21 in his account (Doc. 2, p. 4). Although he proceeded *in forma pauperis* in this case and had to seek the recruitment of counsel because he could not afford one, he has not submitted a current prison trust fund statement to document his current assets and expenses. Nor has he filed an affidavit or any other evidence indicating his current income/assets and expenses. Thus, the Court finds that Boclair failed in his burden to provide sufficient documentation to support his inability to pay now or in the future. The Court **GRANTS** the bill of costs and **DIRECTS** the Clerk of the Court to tax a total of **One Thousand, One Hundred Seventy-two Dollars and Sixty Cents ($1,172.60)**.

IT IS SO ORDERED.

DATED:   April 3, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**