IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY BOCLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-2084-NJR |
| | ) |
| | ) |
| JOHN BALDWIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Stanley Boclair, an inmate with the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard") brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On August 15, 2022, Defendant Brandy Tripp was granted summary judgment (Doc. 218). The remaining defendants entered into a settlement agreement with Boclair (Doc. 2019). On November 17, 2022, the Court entered judgment in the case (Doc. 220). On April 3, 2023, the Court granted Brandy Tripp's bill of costs and a taxed a total of $1,172.60 to Boclair.

This matter is before the Court on Boclair's motion to reconsider (Doc. 226). Boclair asks the Court to reconsider its decision to tax costs because his assigned counsel failed to submit an updated trust fund account which would have demonstrated that Boclair currently lacks to funds to pay the costs. Defendant Tripp filed a response (Doc. 227) in opposition to the motion.

1

## LEGAL STANDARDS

Boclair filed his motion to reconsider pursuant to Rule 60(b). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied*, 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City*

2

*of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.,* 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

## ANALYSIS

Although labeled a motion for relief pursuant to Rule 60(b), Boclair's motion was filed exactly 28 days after the Court's Order granting costs for Tripp and could be considered under Rule 59(e). But Boclair's motion to reconsider fails under either standard. Boclair fails to point to any mistake of fact or law, nor has he presented any evidence that could not have been presented earlier. Further, he has not shown any inadvertence or excusable neglect. Instead, Boclair argues that his assigned counsel should have submitted an updated trust fund account which would have demonstrated his inability to pay the bill of costs. His trust fund statement could have been offered in response to the motion, but his assigned counsel failed to do so. The Court does not find this failure to fall under either standard for reconsideration.

Further, even if the Court had considered Boclair's most recent trust fund statement, the statement demonstrates that his account fluctuates. This is the same conclusion the Court reached in its previous order (Doc. 225, p. 3). The trust fund statement indicates that in November 2022, Boclair's account was as high a $882.84 (Doc. 226, p. 10). He routinely receives deposits into his account, totally $100 to $200 (*Id.* at pp. 10-12). Further, Boclair acknowledges in his motion that he received a $750.00 settlement in November 2022 (*Id.* at p. 2). Although Boclair argues that he uses the funds he receives to pay previous court costs, his trust fund statement clearly demonstrates that he receives funds from which he is able to pay the costs in this case, either now or in the future. Thus, the Court finds that Boclair is able to pay the taxed costs. Boclair's motion to reconsider (Doc. 226) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 17, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**